

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMIE LAMBERTZ-BRINKMAN, LAURA RIVERA, and Jane Does 4 through 10, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>-vs-<br><br>TIM REISCH, Secretary of the S.D. Department of Corrections, DUANE RUSSELL, Warden of the S.D. Women's Prison, JUDITH STOUT, Head Nurse of the S.D. Women's Prison, and John Doe Defendants,<br><br>  Defendants. | CIV 07-3040<br><br><br><br><br><br>OPINION AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs filed an amended class action complaint, Doc. 6, pursuant to 42 U.S.C. § 1983 alleging that defendants are and have been deliberately indifferent to the serious mental and medical health needs of the inmates incarcerated at the South Dakota Women's Prison in Pierre, South Dakota. Pursuant to Fed. R. Civ. P. 23(c)(1)(A), this Court is required to determine, "at an early practicable time," whether to certify this action as a class action.

Federal Rule Civil Procedure 23(a) permits class certification where:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996). The four prerequisites for class certification can be referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Paxton v. Union National Bank, 688 F.2d 552, 559 (8th Cir. 1982). In addition to the four prerequisites of Rule 23(a), one of the three

subsections of Rule 23(b) must be met. Fed. R. Civ. P. 23(b). Plaintiffs contend in their amended class action complaint that this matter is appropriate for class certification pursuant to Rule 23(b)(2):

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

The purported class consists of:

> all individuals who are now or who will be in the future incarcerated at the South [Dakota] Women's Prison and who are denied or delayed access to medication or medical treatment, that has been prescribed by a treating physician, based on decisions made by persons who are not themselves qualified to prescribe medications or medical treatment.

The record is not sufficiently complete to allow the Court to determine whether class certification is appropriate.

Now, therefore,

IT IS ORDERED:

1. Plaintiffs shall file a brief addressing the prerequisites for class certification on or before April 21, 2008. Defendants shall file any responsive brief within 20 days thereafter.

2. Defendants shall provide expedited responses to any discovery requests made by plaintiffs which are relevant to the issue of class certification or which are reasonably calculated to lead to the discovery of information relevant to class certification. The parties shall comply with the Court's standard operating procedures applicable to any disputes as to the timing or extent of discovery.

Dated this 12th day of March, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY
(SEAL)