

```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF SOUTH DAKOTA
                      CENTRAL DIVISION
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JAMIE LAMBERTZ-BRINKMAN, LAURA RIVERA, CHRISTA STORK, and Jane Does 4 through 10, on behalf of themselves and all others similarly situated, | * * * * * | CIV 07-3040 |
| Plaintiffs, | * * | |
| -vs- | * * | ORDER AND OPINION GRANTING CLASS CERTIFICATION |
| TIM REISCH, Secretary of the S.D. Department of Corrections, DUANE RUSSELL, Warden of the S.D. Women's Prison, JUDITH STOUT, Head Nurse of Health Services Department at the S.D. Women's Prison, and John Doe Defendants, | * * * * * * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs instituted this action contending that defendants are deliberately indifferent to their serious mental and medical health needs. Plaintiffs seek a declaratory judgment that defendants' policies and practices violate 42 U.S.C. § 1983, and the Eighth and 14th amendments to the United States Constitution. Plaintiffs further seek an injunction prohibiting any further violations.

Plaintiffs seek class certification pursuant to Fed. R. Civ. P. 23(b)(2). Defendants resist class certification.

> [B]efore certifying a class seeking broad injunctive relief against a state agency, a district court must ensure that it has Article III jurisdiction to entertain each claim asserted by the named plaintiffs. *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 n. 6 (5th Cir.2002); *Prado-Steiman*, 221 F.3d at 1279-80. And the court must conduct a "rigorous analysis" to ensure that the prerequisites of Rule 23 are satisfied. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Elizabeth M. V. Montenez, 458 F.3d 779, 784 (8th Cir. 2006).

Federal Rule Civil Procedure 23(a) permits class certification where:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996). The four prerequisites for class certification can be referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Paxton v. Union National Bank, 688 F.2d 552, 559 (8th Cir. 1982). "An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and, in addition, one of the three subsections of Rule 23(b) is met." Pickett v. IBP, 197 F.R.D. 510, 513 (M.D. AL 2000). "The burden is on the party who seeks to certify a class to show that the prerequisites of Rule 23 are established." Id.

**1. Numerosity.**

Plaintiffs request the certification of a class to consist of:

> All individuals who are now or who will be in the future incarcerated at the South Dakota Women's Prison and who are denied or delayed access to medication or medical treatment that has been prescribed by a treating physician, based on decisions made by persons who are not themselves qualified to prescribe medications or medical treatment.

Plaintiffs contend that, of the approximately 350 inmates housed at the South Dakota Women's Prison, approximately 130 are currently on medication for mental health issues. Absent discovery, it would be impossible to determine how many of those women were on prescription medication when they arrived at the prison. Defendants contend that the class is not so numerous that joinder is impracticable. They point out that three of the inmates have already begun separate actions challenging medical care at the prison. Because the class includes future inmates, I find that joinder of all members would be impracticable.

**2. Commonality.**

Rule 23(a) requires "questions of law or fact common to the class." It, however, "does not require that every question of law or fact be common to every member of the class." Paxton, 688 F.2d at 561. Commonality may be satisfied "where the question of law linking the class

2

members is substantially related to the resolution of the litigation even though the individuals are not identically situated." Paxton, 699 F.2d at 561 (*quoting* American Finance Sys., Inc. v. Harlow, 65 F.R.D. 94, 107 (D.Md. 1974)). *Accord*, Christina A. ex rel. Jennifer A. v. Bloomberg, 197 F.R.D. 664, 667 (D.S.D. 2000).

No party has identified any factual issues unique to each proposed class member which would predominate in this litigation. Plaintiffs do not seek damages. The issue to be proved in this litigation is whether the defendants have a policy or practice of denying to the inmates medication or treatment that has been prescribed by a physician ("M.D.") and whether such policy or practice, if it exists, violates the law. Plaintiffs contend that medications previously prescribed by a physician are routinely denied based upon the orders of a non-licensed medical provider. More correctly, it would be non-M.D.'s overriding prescriptions issued to a patient by an M.D. Although each individual member of the class may have had different experiences with regard to medical and mental health care at the S.D. Women's Prison, this does not defeat commonality as the legal question "linking the class members" - whether an illegal policy or practice exists - "is substantially related to the resolution of the litigation." DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995). All members of the class seek a declaration that an illegal policy and practice exists and an injunction should be issued prohibiting such practice. This is sufficient to establish the requisite commonality. *Id.*

### 3. Typicality.

The Eighth Circuit holds that the typicality requirement of Rule 23(a)(3) "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff.'" Tate v. Weyerhaeuser Co., 723 F.2d 958, 608 (8th Cir. 1983) (*quoting* Donaldson v. Pillsbury Co., 554 F.2d 825, 830 (8th Cir.1977)); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1540 (8th Cir.1996). "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." DeBoer v. Mellon Mortg. Co., 64 F.3d at 1174.

Typicality exists if the proposed class members have the same or similar grievances in that they have been or will be subjected to the same allegedly unlawful treatment as the named plaintiffs. Paxton, 688 F.2d at 562. The named class members claim that they were denied by

3

the defendants medical or mental health treatment which had been prescribed by an M.D. Their claims are the same as the class claims. This prong of the rule is satisfied.

### 4. Adequacy of Representation.

"The adequate representation inquiry involves questions of whether the plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." Pickett v. IBP, 197 F.R.D. at 514. I have no doubt that plaintiffs' counsel is a qualified and experienced litigator. Defendants do not claim otherwise.

The matter of adequate representation also involves questions whether the plaintiffs are proper class representatives. This court must "evaluate carefully the legitimacy of [a] named plaintiff's plea that [s]he is a proper class representative under Rule 23(a)." In re Milk Products Antitrust Litigation, 195 F.3d 430, 436 (8th Cir. 1999) (quoting General Tel. Co. v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). The class representatives must have "a sufficient incentive to represent class members" and a desire to "vigorously pursue" the interests of the class. Id. at 437. Each of the named plaintiffs allegedly has been subject to deliberate indifference to their serious mental or medical health needs and two have pending suits in this court wherein they individually assert those claims. The named class plaintiffs clearly have a desire to vigorously pursue litigation against the defendants. There is no doubt that they are representative members of the proposed class.

Since this action was filed, two of the named class representatives have been released from prison. This does not preclude class certification, however, because this is the type of case that is "capable of repetition yet evading review." See Gerstein v. Pugh, 420 U.S. 103, 111 n. 11, 95 S.Ct. 854, 861, n.11, 43 L.Ed.2d 54 (1975):

> At oral argument counsel informed us that the named respondents have been convicted. Their pretrial detention therefore has ended. This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly

4

> 'capable of repetition, yet evading review.' At the time the complaint was filed, the named respondents were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness under *Sosna*. But this case is a suitable exception to that requirement.

This is just the type of case that could become moot before I could reasonably be expected to rule on the issue of class certification or, indeed, before the matter could be litigated to a conclusion. The plaintiffs allege ongoing policies and practices at the South Dakota Women's Prison and that there continue to be inmates who have a stake in this controversy. Class certification is not defeated in this case by the release of any of the named plaintiffs. In any event, with the amendment of the complaint, there is at least one named class plaintiff who is still incarcerated and, based upon the allegations in the amended complaint, is a proper class representative.

**5. Rule 23(b) prerequisites.**

Where the requirements of Rule 23(a) are met, a Rule 23(b)(2) non-opt-out class may be certified if:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Elizabeth v. Montenez, 458 F.3d at 786. Plaintiffs assert that class certification is appropriate under 23(b)(2). A Rule 23(b) class is proper here where the only relief sought is declaratory and injunctive relief. In re St. Jude Medical, Inc., 425 F.3d 1116, 1121 (8th Cir. 2005).

Now, therefore,

IT IS ORDERED:

1. The motion for class certification, Doc. 20, is granted. This action shall be maintained as a class action on behalf of the following class of plaintiffs:

> All individuals who are now or who will be in the future incarcerated at the South Dakota Women's Prison and who are denied or delayed access to medication or medical treatment that has been prescribed by a treating medical doctor (M.D.), based on decisions made by persons who are not themselves medical doctors.

2. Class certification is granted for the purpose of litigating the following issue in this case:

    a. Whether defendants maintain a policy or practice of deliberate indifference to the serious mental or medical health needs of the inmates of the S.D. Women's Prison in violation of the United States Constitution;

3. No notice to the class is required at this time.

4. Subject to further order of the Court, Jamie Lambertz-Brinkman, Laura Rivera, and Christa Stork are designated as class representatives. Mike Abourezk and the Abourezk Law Firm are designated as class counsel.

Dated this 31st day of October, 2008.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
        DEPUTY
(SEAL)

6