## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## CENTRAL DIVISION

| | | |
|---|---|---|
| JAMIE LAMBERTZ-BRINKMAN, LAURA RIVERA, CHRISTA STORK, and Jane Does 4 through 10, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | CIV 07-3040 |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | **BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |
| TIM REISCH, Secretary of the S.D. Department of Corrections, DUANE RUSSELL, Warden of the S.D. Women's Prison, JUDITH STOUT, Head Nurse of Health Services Department at the S. D. Women's Prison and John Doe Defendants, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants having moved for dismissal for failure to prosecute pursuant to FRCP 41(b) hereby submit this brief in support thereof.

FACTS AND PROCEDURAL HISTORY

Plaintiffs commenced an action by filing a Class Action Complaint and Summons on November 21, 2007. In their Class Action Complaint they sought injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 alleging

deliberate indifference on the part of the Defendants due to "systemic deficiencies . . . including lack of an adequate system for medication." Plaintiffs' Class Action Compliant ¶¶ 1 and 13, Doc. 1. Class representatives of the proposed class in the initial Complaint were Jamie Lambertz-Brinkman, Mary Petersen, Laura Rivera, and eight Jane Doe Plaintiffs.

On December 11, 2007, Lambertz-Brinkman and Rivera filed an Amended Class Action Complaint, Doc. 6, which removed Mary Petersen as a class representative. On April 21, 2008, Plaintiffs moved to amend the Amended Complaint to include as a named class representative Christa Stork. This motion was granted by Order of the District Court dated October 6, 2008, and Plaintiffs filed their Second Amended Class Action Complaint, Doc. 45.

Following the District Court's Opinion and Order dated March 12, 2008, which required Plaintiffs to file a brief addressing the prerequisite for class certification, the District Court entered its Order and Opinion, Doc. 32, granting class certification dated October 31, 2008. Thereafter Plaintiffs entered into extensive discovery.

The parties, at various times, had discussions regarding the potential of settlement. These resulted in Defendants sending a proposed Stipulation and Settlement Agreement to the Plaintiffs on April 6, 2009, offering to resolve the case. See letter to Mike Abourezk dated April 6, 2009, attached hereto as Exhibit A. Plaintiffs made suggested changes to the proposed Stipulation and Settlement Agreement and sent them to Defendants via e-mail on May 1, 2009.

Exhibit B, E-mail from Abourezk, dated May 1, 2009.   On June 1, 2009, Defendants responded suggesting alternative language.   See letter to Mike Abourezk dated June 1, 2009, attached hereto as Exhibit C.  On June 4, 2009, Plaintiffs' counsel e-mailed counsel for Defendants indicating that they were currently in trial and advising it **may be a week or two** before they would respond.  Counsel for Defendants indicated that they could have as much time as was needed.   See e-mail chain dated June 4, 2009, attached hereto as Exhibit D.  Nearly two years have now passed without word from Plaintiffs as to the proposed settlement.[1]

Previous to this, the last action taken by Plaintiffs was their sending a second proposed Order on Plaintiffs' Motion to Compel, Doc. 34, dated February 19, 2009, and correspondence to the Court under same date.

On March 22, 2011, counsel for both parties received a memorandum from the United States District Court asking the current status of this case. On March 23, both parties responded via letters to the District Court.

Between the commencement of this case and the present many changes occurred in both the inmate population as well as the staff at the South Dakota Women's Prison, particularly between June 2009 and the present.  During this time all of the named class members have been discharged from the prison system.  See Affidavit of Brenda Hyde attached hereto as Exhibit E.   Of the

---

[1]Counsel for Plaintiffs called counsel for Defendants on April 4, 2011, and inquired about the settlement.

unnamed members who can be identified both Jane Doe number 2, believed to be Linda Paulson, and Jane Doe number 3, believed to be Stephanie Carver, have also been discharged.  Exhibit E.

Additionally, during the delay between 2009 and the present, Defendant Tim Reisch has left his position as Secretary of the Department of Corrections and Defendants Dwane Russell, Warden of South Dakota Women's Prison, and Judith Stout, Head Nurse of the Health Services Department at the South Dakota Women's Prison, have retired.  Exhibit E.  Many other individuals who have been mentioned in this lawsuit have left the Women's Prison, including Crystal Greving and Todd Fenske, certified mental health professionals, as well as Brenda Davenport, certified nurse practitioner, and Dr. Rajesh Singh, a contract psychiatrist.  Exhibit E.  Jeanette Quinton, Supervisor of Correctional Care (the entity in charge of health care at the South Dakota Women's Prison) retired and has passed away, and many other medical and prison staff have left.  Exhibit E.

## ARGUMENT AND AUTHORITES

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissals of actions.  That rule states in pertinent part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

The Eighth Circuit Court of Appeals has held that dismissals for failure to prosecute are proper when there has been "a clear record of delay or

contumacious conduct by the plaintiff." <u>Brown vs. Frey</u>, 806 F2d 801, 803 (8th Circuit 1986).   When the Eighth Circuit reviews the District Court's decision, they balance the court's need to advance a crowded docket versus the consequences of denying a plaintiff their day in court.   <u>See</u>, *e.g.*, <u>Brown</u>, 806 F2d at 804 (citing <u>Moore vs. St. Louis Music Supply Co.</u>, 539 F2d 1191, 1193 (8th Cir. 1976)).   They consider the nature of the conduct that prompted the dismissal and the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court.   <u>Id</u>.

Critical in the analysis is the component of prejudice to the Defendant. In a recent Eighth Circuit opinion, <u>Boyle vs. American Auto Services, Inc.</u>, 571 F3d 734 (8th Cir. 2009), the court made this clear in their analysis of a Ninth Circuit decision, <u>Nealy vs. Transportation Maritima Mexicana, SA</u>, 662 F2d 1275 (9th Cir. 1980).   The Eighth Circuit, citing <u>Nealy</u>, addressed two of the policy considerations supporting Rule 41(b): "the risk of prejudice to the defendants caused by the delay versus the policy favoring disposition of cases on their merits.   According to the court, the primary factors to focus on are 'prejudice and delay.'   The court recognized that a failure to diligently prosecute an action 'is sufficient by itself to justify a dismissal' and that an unreasonable delay in prosecuting an action 'creates a presumption of injury to appellee's defenses.'   Furthermore, a determination as to whether actual prejudice is present 'may be an important factor in deciding whether a given delay is unreasonable.'" (Internal quotations and citation omitted).   <u>Boyle vs. American</u>

Auto Services, Inc., 571 F3d 734, 739 (8th Cir. 2009). The <u>Boyle</u> court surmised that the relevant question was whether there had been a sufficient delay or prejudice to justify a dismissal and according to the court's analysis of <u>Nealy</u>," the longer the delay, the more likely prejudice becomes. <u>Id</u>, citing <u>Nealy</u>.

The procedural history and facts of this case demonstrate a clear record of delay and show that Plaintiffs have unreasonably failed to prosecute their claim. Furthermore, this delay has prejudiced the Defendants.

In a good faith attempt to resolve the case, Defendants forwarded to the Plaintiffs a proposed settlement on April 6, 2009. Exhibit A. This followed Plaintiffs offer contained in their letter to the Court dated February 13, 2009, to "just dismiss the whole case if the Defendants will agree to a consent order declaring that Defendants will not withhold medications" without a doctor's order to do so. As the April 6, 2009, letter indicates, that is exactly what the settlement agreement stated. Exhibit A.

On April 28, 2009, Defendants again wrote to Plaintiffs' counsel asking if they had an opportunity to review the settlement agreement. See letter to Mike Abourezk dated April 28, 2009, attached hereto as Exhibit F. On May 1, 2009, Plaintiffs responded via e-mail with a redline version of the settlement agreement. See e-mail from Mike Abourezk dated May 1, 2009, attached hereto as Exhibit B. On June 1, 2009, Defendants responded to Plaintiffs' requested changes with alternative language, offering to continue the settlement discussions, and to redraft the settlement agreement to include the

requested changes.  Exhibit C.  On June 4, 2009, counsel for the Plaintiffs, responded via e-mail indicating they were currently in trial and that it **may be a week or two** before they had time to respond.  Exhibit D.  Defendants responded on the same date indicating Plaintiffs should take as much time as they needed.  Exhibit D.  After nearly two years, Plaintiffs have not yet responded to Defendants' June 1, 2009, offer to continue settlement discussions.[2]

Plaintiffs have engaged in an unreasonable delay of nearly two years.  Clearly, this is the sort of delay which may subject a plaintiff to involuntary dismissal pursuant to FRCP 41(b).  In its letter to the Court dated March 23, 2011, Plaintiff, in responding to the Court's inquiry as to status, mischaracterizes this delay.  There, Plaintiffs state "Thank you for your fax asking about status of this action.  It is still pending.  The parties did exchange settlement proposals, but did not reach an agreement."  While it is true the parties have not reached an agreement of settlement, the fact of the matter is that Defendants made a second proposal of settlement to the Plaintiffs and the Plaintiffs failed to respond for a period of approximately 23 months.  This falls well beyond not reaching an agreement.  Plaintiffs may claim their letter to the Court or phone call of April 4, 2011, constitutes a response.  However, the fact that a Plaintiff has been stirred into action is generally not a legitimate excuse

---

[2] See footnote 1, wherein counsel for Defendants acknowledges receipt of a telephone call from Plaintiffs' counsel on April 4, 2011.

for delay.  Alexander vs. Pacific Maritime Association, Ca. 9th, 1970, 434 F2d 281, cert. denied 91 Sup. Ct., 1254, 401 U.S. 1009, 78 L.Ed. 2d 545.  Certainly waiting nearly two years to respond is an unreasonable length of time.

Not only is Plaintiffs' delay in this matter unreasonable, it will clearly result in prejudice to the Defendants.  All of the named class members left the Women's Prison, and so have the two Jane Doe Plaintiffs who can be identified. Exhibit E.   Secretary Reisch has left his position in the Department of Corrections and Warden Dwane Russell has retired as has Judith Stout, Head Nurse at the Women's Prison.  Exhibit E.  There has also been a considerable turnover of Prison staff including several of the individuals whose names have been referred to in this litigation including Crystal Greving, Todd Fenske, Brenda Davenport, Dr. Rajesh Singh, and Jeanette Quinton, who is now deceased.  Due to this delay, obtaining additional discovery and proceeding to trial will be difficult, if not impossible, which certainly will result in prejudice to the Defendants.

If Plaintiffs were being subjected to the systemic deficient conditions and lack of medical care as alleged, why would they sit idle for nearly 23 months without taking any steps to remedy their condition?  See, Plaintiffs' Complaint ¶ 13.  With this in mind one can balance the Court's need to advance the crowded docket versus the consequences of denying the Plaintiffs their day in court.  Considering the nature of the conduct, i.e., the unreasonable delay of almost two years, and the adverse impact such conduct has upon the

8

Defendants the proper administration of justice suggests that dismissal for failure to prosecute is proper.

Dated this 4th day of April, 2011.

MAY, ADAM, GERDES & THOMPSON LLP

BY: _____

MICHAEL F. SHAW
Attorneys for Defendants
503 South Pierre Street
P.O. Box 160
Pierre, SD   57501-0160
Telephone: (605)224-8803
Telefax: (605)224-6289
E-mail: mfs@magt.com

## CERTIFICATE OF SERVICE

Michael F. Shaw of May, Adam, Gerdes & Thompson LLP hereby certifies that on the 4th day of April, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel:

Mike Abourezk/Shiloh MacNally
Abourezk Law Firm
2020 W. Omaha
P.O. Box 9460
Rapid City, South Dakota   57709-9460

_____
Michael F. Shaw