UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



**FILED**
APR 17 2012

******************************************************************

| | | |
|---|---|---|
| JAMIE LAMBERTZ-BRINKMAN, LAURA RIVERA, CHRISTA STORK, and Jane Does 4 through 10, on behalf of themselves and all others similarly situated, | * * * * * | CIV 07-3040 |
| Plaintiffs, | * * | |
| -vs- | * * | FINDINGS OF FACT and CONCLUSIONS OF LAW |
| DENNY KAEMINGK, Secretary of the S.D. Department of Corrections, BRENDA HYDE, Warden of the South Dakota Women's Prison, TANYA REISER, Clinical Supervisor for Correctional Health Services at the S.D. Women's Prison, and John Doe Defendants, | * * * * * * * | |
| Defendants. | * * | |

******************************************************************

## INTRODUCTION

Plaintiffs instituted this action contending that defendants were and are deliberately indifferent to their serious mental and medical health needs. Plaintiffs sought a declaratory judgment that defendants' policies and practices violate 42 U.S.C. § 1983, and the Eighth and 14th Amendments to the United States Constitution. Plaintiffs further sought an injunction prohibiting any further violations. This matter was certified as a class action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of the following class of plaintiffs:

> All individuals who are now or who will be in the future incarcerated at the South Dakota Women's Prison and who are denied or delayed access to medication or medical treatment that has been prescribed by a treating medical doctor (M.D.), based on decisions made by persons who are not themselves medical doctors.

Class certification was granted for the purpose of litigating the following issue in this case:

> a. Whether defendants maintain a policy or practice of deliberate indifference to the serious mental or medical health needs of the

inmates of the S.D. Women's Prison in violation of the United States Constitution;

Class counsel and counsel for the defendants filed a joint motion for approval of a proposed class action settlement. Notices of the proposed settlement and of a fairness hearing were given to the class members. This matter came on for hearing on April 16, 2012.

Pursuant to Fed. R. Civ. P. 23(3), the district court is required to make a determination whether the proposed settlement is "fair, reasonable, and adequate." In making this determination, the district court "acts as a fiduciary, serving as a guardian of the rights of absent class members." In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 932 (8th Cir. 2005).

> A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. The district court need not make a detailed investigation consonant with trying the case; it must, however, provide the appellate court with a basis for determining that its decision rests on "well-reasoned conclusions" and is not "mere boilerplate." The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is "the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement."

Id. at 932-933 (internal quotations omitted).

## FINDINGS OF FACT

Notice of the proposed class action settlement was given to current class members as ordered. Notice to current inmates was posted at each of the seven housing units at the South Dakota Women's Prison. The notice to the class adequately described the action, the parties' claims, the relief sought, the nature of the proposed settlement, the extent to which the settlement would bar other claims, the fact that class counsel would not be seeking attorney fees, and the process for objecting to the settlement.

The settlement agreement was negotiated by class counsel at a mediation session conducted by a United States Magistrate Judge.

The settlement provides that this Court shall enter an injunction prohibiting the defendants from changing, increasing, reducing, or discontinuing the dosage of any prescription

medication being taken by an inmate admitted to the South Dakota Women's Prison except under the direction of a qualified physician or other person authorized by law to prescribe medications. Such an injunction is precisely the relief sought by the class in its class action complaint.

The relief afforded by the settlement agreement is narrowly drawn to correct the alleged violations of inmates' federal rights.

The settlement agreement does not impair the rights of individual inmates to seek relief not sought in the class action.

Defendants have not, by way of settlement, admitted to any violation of the Constitutional rights of the class but have waived any defenses to the relief agreed to in the settlement agreement.

Class counsel is not seeking attorney fees or costs but is instead donating his services rendered during the last four and one half years.

The settlement is the most expeditious and cost-effective method of resolving the class's claims.

One written comment was received by a class member. The class member requested the Court to approve the proposed settlement. No class member filed any objections to the proposed settlement agreement.

## CONCLUSIONS OF LAW

Notice to class members was properly given pursuant to Fed. R. Civ. P. 23(e).

The proposed settlement agreement is fair, reasonable, and adequate to redress the claims of current and future class members and should be approved.

No award of attorneys fees or costs is sought and none should be ordered.

Dated this 17th day of April, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Paepke
     DEPUTY
(SEAL)

3